UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISHNA MOTE, | : | |
| Petitioner | : | CIVIL ACTION NO. 1:22-028 |
| v. | : | (JUDGE MANNION) |
| MIDDLE DISTRICT COURT OF PA, | : | |
| Respondent | : | |

## ORDER

Presently before the court is the May 26, 2022 Report and Recommendation of Magistrate Judge Schwab ("Report"), (Doc. 9), which recommends that the *pro se* petition for writ of mandamus, pursuant to 28 U.S.C. §1361, filed on January 6, 2022, by petitioner Krishna Mote, (Doc. 1), seeking to compel this court to reopen his motion for a reduction of sentence under Section 404 of the First Step Act of 2018,[1] Pub. L. No. 115-391, 132 Stat. 5194 (2018), be denied.

---

[1] Since the Report states the correct background of this case, it will not be fully repeated herein. Suffice to say that in his underlying criminal case, see United States v. Mote, 3:11-CR-194 (M.D. Pa.), Mote filed a motion for a reduction of his sentence under the First Step Act on November 6, 2019. Judge Munley, who sentenced Mote, denied the motion. The Third Circuit affirmed Judge Munley's denial of Mote's motion. See United States v. Mote, 836 Fed.Appx. 103 (3d Cir. 2020). On November 8, 2021, the Supreme Court

No objections were filed to the Report by Mote and the time within which they were due has expired.

When no objections are made to the report and recommendation of a magistrate judge, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b); advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D. Pa. L.R. 72.31.

The court has reviewed the Report of Judge Schwab, as well as the petition, and the court will adopt the Report and deny the petition.

Mote was confined at FPC Schuylkill serving his federal sentence when he filed his petition. He was subsequently transferred by the BOP from FPC Schuylkill to RRM Philadelphia.   *See*

---

denied Mote's petition for a writ of certiorari. *See* Mote v. United States, 142 S.Ct. 471 (2021).

https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results.
Mote's projected release date is July 1, 2027.

In his petition, Mote seeks a writ of mandamus compelling this court to reopen his motion for a reduction of sentence filed under §404 of the First Step Act alleging that the court "abused its discretion, by deliberately denying [him] [relief under] the [First Step Act] [to which] he was entitled", and by denying him due process of law under the 5th Amendment.

"Mandamus is a drastic remedy that is granted only in extraordinary circumstances." In re Koo, 474 Fed.Appx. 61, 62 (3d Cir. 2012) (citation omitted). It may be used "to compel [a court] to exercise its authority when it is its duty to do so." Id. (citation omitted). "To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has no other adequate means to obtain the relief requested, and that he or she has a clear and indisputable right to issuance of the writ." Id. (internal quotations and citation omitted). Here, Mote cannot establish either basis for issuance of mandamus.

First, Mote has not established that he "has a clear and indisputable right to issuance of the writ", and his claims do not rise to the denial of due process since the court has already denied his motion on its merits and its decision has been affirmed by the Third Circuit. "[M]andamus is not a

substitute for appeal and a writ of mandamus will not be granted if relief can be obtained by way of [the Third Circuit's] appellate jurisdiction." In re Chambers Dev. Co., 148 F.3d 214, 226 (3d Cir.1998). As such, there has been no "undue delay in adjudication" in this case, and Mote is not entitled to have his motion reopened by way of mandamus after it was already denied and the denial was affirmed on appeal. Thus, Mote fails to satisfy the standard for obtaining mandamus relief and he has not stated any cognizable 5th Amendment due process claim.

      Second, Mote has failed to establish that he has no other adequate means to obtain the relief requested since the First Step Act was an available adequate remedy for him to request the court to reduce his sentence. No doubt that "[m]otions under §404 of the First Step Act seek to modify a defendant's existing sentence." U.S. v. Easter, 975 F.3d 318, 323 (3d Cir. 2020). Mote has already availed himself of seeking to reduce his sentence by filing a motion under the First Step Act and he appealed the district court's denial of that motion. "The fact that [Mote] did not prevail does not signify that these means are inadequate, nor does it permit him to use a mandamus petition as a substitute for the appeals process." In re Littles, 457 Fed.Appx. 99, 100 (3d Cir. 2012) (citing In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006)).

Nor is Mote entitled to relief pursuant to the All Writs Act, under 28 U.S.C. §1651, since there was a specific statute that addressed his motion for reduction of sentence, i.e., the First Step Act. *See* Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (holding that where a specific statute addresses an issue, "it is that authority, and not the All Writs Act, that is controlling.").

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The Report of Judge Schwab, **(Doc. 9)**, is **ADOPTED IN ITS ENTIRETY**;

**(2)** Petitioner Mote's petition for writ of mandamus, **(Doc. 1)**, pursuant to 28 U.S.C. §1361, is **DENIED**, upon screening under 28 U.S.C. §1915A(b)(1);

**(3)** Petitioner Mote's petition, to the extent it is also under the All Writs Act, 28 U.S.C. §1651,  **(Doc. 1)**, is **DENIED**; and

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 21, 2022**
22-028-01